## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **DANIEL SHRYOCK** | * | Civil Action No.: |
| 344 Warren Avenue | | |
| Bellmawr, New Jersey 08031 | * | |
| *Resident of Camden County* | | Collective Action Claim |
| | * | |
| Plaintiff, | | |
| | * | Class Claim |
| v. | | |
| | * | |
| **BED BATH & BEYOND, INC.** | * | <u>Jury Trial Requested</u> |
| 715 Morris Avenue | | |
| Springfield, New Jersey 07081 | * | |
| | | |
| Serve:  Resident Agent | * | |
|        The Prentice-Hall Corporation | | |
|        System, MA | * | |
|        7 Saint Paul Street | | |
|        Suite 820 | * | |
|        Baltimore, Maryland 21201 | | |
| | * | |
| and | | |
| | * | |
| **BED BATH & BEYOND OF TOWSON, INC.** | * | |
| 7 St. Paul Street | | |
| Suite 820 | * | |
| Baltimore, Maryland 21202 | | |
| | * | |
| Serve:  Resident Agent | | |
|        The Prentice-Hall Corporation | * | |
|        System, MA | | |
|        7 Saint Paul Street | * | |
|        Suite 820 | | |
|        Baltimore, Maryland 21201 | * | |
| | | |
| Defendantss. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## <u>COMPLAINT FOR WAGES OWED</u>

DANIEL SHRYOCK Plaintiff, by and through his undersigned counsel and The Law Offices of Peter T. Nicholl, hereby submits his Complaint against BED BATH & BEYOND OF TOWSON, INC., and BED, BATH & BEYOND, INC., Defendants, (hereinafter "Defendants") to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter, "FLSA"); unpaid wages, liquidate damages, interest, reasonable attorneys' fees and costs under Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401, *et seq*. (hereinafter, "MWHL"), and unpaid wages, treble damages, interest, reasonable attorneys' fees and costs, under the Maryland Wage Payment and Collection Act, Maryland Code Annotated, Labor and Employment Article §§ 3-501, *et seq*. (hereinafter "MWPCL") and in support thereof, states as follows:

## INTRODUCTION AND BACKGROUND

This matter stems from a common scheme devised by Defendants to avoid paying Plaintiff and others similarly situated their wages owed.  Defendants classified Plaintiff, and others similarly situated, as salaried employees in an attempt to avoid paying these employees overtime pay (time-and-a-half) for all hours worked over forty (40) in a workweek.  As described herein, Defendants are retail businesses that distribute and sells bathroom accessories, kitchen equipment and home goods throughout the United States, Canada and Mexico.

Defendants hired Plaintiff and other similarly situated employees to work as "Department Managers" and engage in the retail sale of domestic merchandise, including bathroom, kitchen and dining accessories.  However, Defendants failed to compensate Plaintiff and others for all hours worked.

Defendants are able to complete these illegal acts by paying Plaintiff and others under the guise of a salary.  However, Plaintiff's duties did not exempt him from the overtime requirements of the FLSA, MWHL and MWPCL.  Defendants willfully and intentionally misclassified Plaintiff as a salaried employee for the purpose of not paying overtime compensation and for all hours worked.  Through this unlawful scheme, Defendants willfully and intentionally evaded the payment of wages owed to Plaintiff.

## THE PARTIES

1.      Plaintiff Daniel Shryock (hereinafter, "Shryock") is an adult resident of Camden County, New Jersey.

2.      Defendant Bed Bath & Beyond, Inc. is a private retailer that engages in the distribution and sale of bathroom accessories, kitchen equipment and home goods across North America.  The Defendants has its principal office in Springfield, New Jersey.

3.      Defendant Bed Bath & Beyond, Inc. of Towson, Inc. is a private retailer that engages in the distribution and sale of bathroom accessories, kitchen equipment and home goods across North America.  The address of the location where Plaintiff worked is 1238 Putty Hill Avenue, Towson, Maryland 21286.

4.      Due to the nature of their business, Defendants are subject to the FLSA, MWHL and MWPCL.

5.      Due to the amount in revenues generated by Defendants, Defendants are subject to the FLSA, MWHL and MWPCL; Defendants' annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

6.      At all times relevant to this Complaint, Plaintiff engaged in interstate commerce by the nature of his duties performed as part of his employment with Defendants.

3

7.     Plaintiff worked for Defendants, who, at all times throughout Plaintiff's employment, fell within the purview of the term "employer" under the FLSA, 29 U.S.C. § 203(d) and MWHL, § 3-401(b).

8.     At all times relevant, Plaintiff and others similarly situated worked as non-exempt employees for Defendants.

9.     From approximately December 2003 until October 21, 2015, Plaintiff Shryock was employed as a "Department Manager" and "Front End Supervisor" for Defendants.  For the final three years of employment, Plaintiff worked exclusively as a "Department Manager."

10.     At all times relevant to this Complaint, Defendants controlled the administration of their business and set employee schedules, including Plaintiff and other similarly situated employees' schedules.

11.     Defendants were actively engaged in the management and direction of Plaintiff and others.

12.     Defendants possessed and exercised authority to determine the hours worked by Plaintiff and others.

13.     Defendants had the authority to control Plaintiff's tasks and the tasks of others similarly situated.

14.     Defendants had the power and authority to change the course of Plaintiff and others' duties.

15.     Plaintiff and members of the putative class recognized Defendants' authority and obeyed Defendants' instructions.

16.     Defendants made all decisions relating to Plaintiff's and others' rates and methods of pay.

17.     Defendants own and operate multiple retail location throughout the Maryland region. Upon information and belief, these same compensation schemes have been and are implemented at all of them.

## JURISDICTION AND VENUE

18.     Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*.  This Court also has subject matter jurisdiction under 28 U.S.C.  § 1331.

19.     Pursuant to 28 U.S.C. § 1391 (b), venue is appropriate; the unlawful acts central to this matter occurred within the State of Maryland.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

20.     Plaintiff and others similarly situated are or were employed by Defendants to work as "Department Managers."  During the course of their employment, Plaintiff and others perform or performed duties relating to the retail sale of domestic merchandise, including bathroom, kitchen and dining accessories.  This consisted of operating a cash register to check customers out, processing returns, keeping the sales floor organized, assisting customers with purchases, scanning prices, unpacking boxes and restocking merchandise on shelves.

21.     For the duration of his employment, Plaintiff Shryock performed no analysis.

22.     Plaintiff Shryock did not supervise more than two full time employees.  Any supervision of other employees that Plaintiff may have done was a de minimus aspect of his job requirements.

23.     Plaintiff Shryock did not have the authority to hire or fire other employees.

24.     Plaintiff Shryock did not interpret any information.

25.     Plaintiff Shryock did not write any reports beyond providing raw sales numbers to supervisors.

26.     Plaintiff Shryock made no recommendation concerning the business of the Defendants.

27.     Plaintiff Shryock had no discretion in performing any of his assigned tasks.

28.     Plaintiff Shryock satisfied the requirements of his job and adequately performed his duties to benefit Defendantss, as well as Defendantss' customers.

29.     Plaintiff was initially hired as an hourly employee at the Towson, Maryland Bed Bath & Beyond retail location, in approximately December of 2003.

30.     Plaintiff was given the title of "Front End Supervisor", and performed duties related to customers purchasing and returning merchandise.

31.     After six (6) months as a "Front End Supervisor", Plaintiff was promoted to Department Manager.  His pay scheme changed from hourly to salaried, however his duties stayed the same.

32.     Plaintiff then switched titles again, back to "Front End Supervisor", while still performing the same work related duties and also becoming an hourly employee again.

33.     In 2009, Plaintiff was promoted again to Department Manager, this time in the fine china department, and again became a salaried employee.

34.     In 2013, he was switched to "soft side" Department Manager, and dealt with linens and bedding.

35.     In late 2013, he was transferred to "hard side" Department Manager, and worked with kitchen and dining accessories, where he stayed until September 4, 2015.

36.     On September 21, 2015, Plaintiff moved to New Jersey, where he began work at a Bed Bath & Beyond in Mount Laurel, New Jersey as an hourly employee.  He did not return to the Towson, Maryland location.

37.     During many pay periods, Plaintiff and others worked well over forty (40) hours in a workweek.  For the majority, Plaintiff consistently worked as many as fifty (50) hours per week.

38.     These circumstances directly resulted in Plaintiff and others being consistently denied overtime ("time and a half") pay.  More precisely, although Plaintiff and others regularly worked fifty (50) hours each week, because they were only paid for forty (40) hours of work, Plaintiff and others were repeatedly denied overtime compensation for the overtime hours they regularly worked.  Defendants failed altogether to compensate Plaintiff for working these additional hours.

39.     The long hours worked by Plaintiff can be attributed in part to understaffing.  This resulted in Plaintiff having to perform duties that were not included in his job classification.

40.     There is no bona fide dispute that Plaintiff and others are owed wages for the overtime hours worked.  At no time did Plaintiff's duties include work that would make him exempt from the FLSA, MWHL and MWPCL provisions requiring that he be paid for all hours worked.  The nature of Plaintiff's duties did not excuse Defendants from paying Plaintiff overtime pay ("time-and-a-half") for hours worked in excess of forty (40) in a workweek.

41.     Plaintiff's responsibilities as a Department Manager did not require an advanced degree or specialized intellectual instruction or study.

42.     Plaintiff and others similarly situated retained no discretion in performing any of their assigned duties.

43.     Defendants enacted all of the practices discussed above in order to evade both Federal and Maryland wage laws.  These practices directly resulted in Plaintiff and others to not be paid correctly for all hours worked.

44.     Defendants were well aware of the hours worked by Plaintiff and others similarly situated.   Plaintiff's duties and the duties of others similarly situated did not justify them being paid on a salary basis to begin with.

45.     Defendants' agents were, individually and together, actively engaged in the management and direction of Plaintiff and others.

46.     During the entirety of Plaintiff's employment with Defendants, he had no set schedule.  He would work five (5) varying days in a week, typically either from 7:00 a.m. to 5:00 p.m., or 1:00 p.m. to 11:00 p.m.; nine and a half (9.5) hour shifts each day.   There were rare occasion when Plaintiff would work other alternate shifts.

47.     During the relevant periods of time for this case, in 2012 Plaintiff earned a yearly salary of $40,800.00. In 2013 Plaintiff earned a yearly salary of $36,400.00.  In 2014 Plaintiff earned a yearly salary of $41,000.00.

48.     Defendants controlled and supervised the work performed by Plaintiff; Defendants' agents were regularly present in Plaintiff's work area.

49.     Defendants consistently suffered or permitted Plaintiff and others similarly situated to work more than forty (40) hours a week.

50.     In bad faith, Defendants withheld wages owed to Plaintiff and others similarly situated, even after Plaintiff and others inquired about the wages missing from their paychecks.

51.     Thus, Plaintiff seeks his wages owed and other available relief through this Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52.     Defendants employed Plaintiff and others similarly situated to work as Department Managers.  In addition to the named Plaintiff, there are other members that either work or worked

for Defendants. Upon information and belief, these members were subject to the same unlawful practices described within this Complaint.

53.     The FLSA requires employers to compensate non-exempt employees such as Plaintiff and others similarly situated overtime wages for hours worked over forty (40) within a single workweek.

54.     Defendants knew that Plaintiff and other similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiff and others to work more than forty (40) hours per week.

55.     Defendants knew, or should have known, that Plaintiff and those similarly situated were entitled to overtime payments for hours worked in excess of forty (40) in a workweek.

56.     Pursuant to the FLSA, Plaintiff commences this collective action against Defendants on behalf of himself and those similarly situated for the payment of wages owed at an overtime rate of not less than one and a half (1.5) times their regular rates of pay.

57.     Plaintiff consents to be party Plaintiff in this matter; Plaintiff's consent form is attached to this Complaint as Exhibit A.  It is likely that other individuals will join Plaintiff during the litigation of this matter and file written consents to "opt in" to this collective action.

58.     There are other similarly situated current and former employees of Defendants that have been harmed by Defendants' common scheme to underpay its employees and violate the FLSA.

59.     These similarly situated persons are known to Defendants and are readily identifiable through Defendants' records.

60.     Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

61.     Upon information and belief, others will choose to join Plaintiff in this action and opt in to this lawsuit to recover unpaid wages and other available relief.

## CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS

62.     Plaintiff brings this action Pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and other current and former employees that were employed as Department Managers for Defendants, and were subject to the following practices and policies:

63.     Denial of wages amounting to the minimum wage rate under MWHL for all hours worked; and

64.     Denial of overtime wages under MWHL for hours worked over forty (40) in a single workweek.

65.     Plaintiff is a member of the proposed class he seeks to represent.

66.     The claims alleged by Plaintiff are typical of the claims of the proposed class members.

67.     The potential members of the class are sufficiently numerous that joinder of all class members is impractical.

68.     There are questions of law and fact common to the class that predominate over any questions exclusive to the individual class members.

69.     Counsel for the proposed class are qualified and experienced in litigating MWHL class actions and other complex litigation matters; furthermore, counsel are capable of providing adequate representation for all members of the proposed class.

70.     A class action is superior to other available methods for the fair and efficient adjudication of this case and will serve to promote judicial economy to the benefit of this Court, as well as the involved parties.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

### *Count I.  Violation of the FLSA: Failure to Pay Overtime Wages*

71.     Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

72.     Plaintiff is entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

73.     As described above, Plaintiff has not received from Defendants compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; Defendants failed to compensate Plaintiff for these additional hours.

74.     Defendants willfully and intentionally failed to compensate Plaintiff for the overtime wages he was owed.  There is no bona fide dispute that Plaintiff is owed overtime wages for work performed for Defendants.

75.     Under the FLSA, Plaintiff is entitled to additional wages from Defendants to compensate him for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times Plaintiff's regular hourly wage rate.

### *Count II.  Violation of MWHL: Failure to Pay Overtime Wages*

76.     Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

77.     Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer

shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

78.     Plaintiff has not received compensation from Defendants reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

79.     Defendants willfully and intentionally did not compensate Plaintiff for the overtime wages he was owed.  There is no bona fide dispute that Plaintiff is owed overtime wages for work performed for Defendants.

80.     Under MWHL, Plaintiff is entitled to additional wages from Defendants for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiff's regular hourly wage rate.

### Count III. Violation of MWPCL: Failure to Pay Wages

81.     Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

82.     Plaintiff is entitled to wages under the Maryland Wage Payment Collection Act, Labor and Employment §§3-501 *et. seq.,* which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

83.     Plaintiff has not received compensation from Defendants for all wages owed for work performed before the termination of his employment in accordance with §3-505(a).

84.     Defendants willfully and intentionally did not compensate Plaintiff for the wages owed to him and continued to violate the MWPCL, even after Plaintiff informed Defendants of the violation.  Moreover, there is no bona fide dispute that Plaintiff is owed wages for work performed while employed by the Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, prays for the following relief:

    a)    Designation of this action as a collective action on behalf of Plaintiff and those similarly situated;

    b)    Judgment against Defendants for their failure to pay Plaintiff and those similarly situated in accordance with the standards set forth by the FLSA;

    c)    Judgment against Defendants for their failure to pay Plaintiff and those similarly situated in accordance with the standards set forth by MWHL;

    d)    Judgment against Defendants for their failure to pay Plaintiff and those similarly situated in accordance with the standards set forth by MWPCL;

    e)    An award against Defendants for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiff's regular hourly rate for all overtime hours worked, to Plaintiff and those similarly situated;

    f)    An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiff and those similarly situated;

    g)    An award for treble damages equal to the total amounts of unpaid wages owed to Plaintiff and those similarly situated;

    h)    An award of reasonable attorneys' fees and all costs, plus interest, to be satisfied in full by Defendants;

    i)    Leave to add additional Plaintiffs, opt-in or party, through the filing of consent forms; and

    j)    All further relief deemed just and equitable by this Honorable Court.

## **REQUEST FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of his peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

Respectfully submitted,

_____/s/_____
James A. Lanier (13789)
jlanier@nicholllaw.com
Steven M. Lubar (29672)
slubar@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.:    (410) 244-8454

*Attorneys for Plaintiff*